UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TROY EADS,           ) | |
|    Plaintiff,  ) | |
| ) | |
| vs.                  ) | Case No. 23-cv-2266 |
| ) | |
| SHELLY HARDING, *et al.*, ) | |
|    Defendants. ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and incarcerated at Jacksonville Correctional Center, files suit under 42 U.S.C. § 1983 alleging violations of his constitutional rights at the Vermilion County Jail ("Jail"). This case is before the Court for a merit review of Plaintiff's Amended Complaint. (Doc. 8). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. In reviewing the Amended Complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff names Nurse Shelly Harding and Correctional Officer Michael Schull as Defendants. Plaintiff alleges he arrived at the Jail on October 18, 2023, and was not given any of his medications for thirty-six days between October 18, 2023, and November 23, 2023.

1

Plaintiff alleges he has back, shoulder, and knee injuries and broken ribs and needs pain medication. On an unspecified date, Defendant Harding gave Plaintiff 500 milligrams of Naproxen. Plaintiff informed her that Naproxen made him ill, but she refused to provide an alternative pain medication and told him to sign a form stating that she would not be responsible if he died or became ill from Naproxen. When Plaintiff refused to sign the form, Defendant Harding allegedly discontinued his prescription and did not provide an alternative pain medication.

Plaintiff also alleges Defendant Harding scheduled his doctor appointments too far apart, and as a result, Plaintiff's physical therapy was delayed. Plaintiff claims he needs physical therapy for his arm, but Defendant Harding only made appointments for his knee and did not address his other injuries. Plaintiff claims that as of January 29, 2024, he has not received physical therapy.

On January 15, 2024, Plaintiff saw Dr. Kahn and received a shot in his knee and pain medication. Plaintiff alleges Defendant Harding gave Plaintiff a different pain medication instead of the medication Dr. Kahn prescribed.

Plaintiff also alleges that Defendant Schull opened his legal mail on January 23, 2024.

## ANALYSIS

Plaintiff's claim regarding his medical care arises under the Due Process Clause of the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018) (detainees entitled to adequate medical care). To establish a Fourteenth Amendment violation, a detainee must show: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal

2

quotation marks omitted). In determining whether a challenged action is reasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Based on his allegations, the Court finds that Plaintiff has stated a Fourteenth Amendment deliberate indifference claim against Defendant Harding.

Plaintiff also alleges that Defendant Schull opened his legal mail on January 23, 2024. This claim is unrelated to his deliberate indifference claim and is not probably joined in this action. Unrelated claims against the same defendant may be joined in one action, but different defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . ."). Plaintiff's claim regarding his legal mail and Defendant Schull are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on a Fourteenth Amendment claim against Defendant Shelly Harding based on Defendant's alleged deliberate indifference to Plaintiff's serious medical needs between October 18, 2023, and January 29, 2024, at the Vermilion County Jail. Additional

claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendant Michael Schull is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE Michael Schull.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4) The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion

requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6) If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

9) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) Plaintiff shall be provided a copy of all pertinent medical records upon request.

11) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:  3/27/2024

s/ James E. Shadid
James E. Shadid
U.S. District Court Judge
